IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ANSON CHI,                              )
                                        )
            Petitioner,                 )
                                        )
      v.                                )   Case No. 1:20-cv-49
                                        )
WARDEN J. HUTCHINSON,[1]                )
                                        )
            Respondent.                 )

## MEMORANDUM ORDER

In this civil action, Anson Chi, an inmate at the federal Correctional Institution at Albion, sought a writ of habeas corpus pursuant to 28 U.S.C. §2241. On July 20, 2022, Magistrate Judge Richard A. Lanzillo issued a Report and Recommendation ("R&R") opining that Petitioner's claims should be dismissed for lack of jurisdiction. *See* ECF No. 36. The undersigned adopted the R&R in a Memorandum Order entered on August 25, 2022. ECF No. 41. Pending before the Court is Chi's "Rule 59(e) Motion for Reconsideration to Alter or Amend the Judgment." ECF No. 42.

In his motion, Chi argues that Magistrate Judge Lanzillo intentionally misconstrued his habeas claims for the purpose of denying relief. Chi further asserts that the undersigned "'overlooked or misapprehended [Judge] Lanzillo's judicial misconduct since they are colleagues. . . ." ECF No. 42 at 6. He concludes that this Court "should correct this clear error of law and fact to prevent manifest injustice." *Id.* at 6-7. Chi contrasts Judge Lanzillo's framing of the §2241 claims with "unbiased" AUSA Jacqueline Brown's framing of the claims in her responsive brief, *id.* at 3, which he apparently considers to be more accurate.

---

[1] By order of court entered on July 20, 2022, ECF No. 37, the current Warden of FCI-McKean, "J. Hutchinson," was substituted as the relevant Respondent in lieu of the former Warden, "B. Trate" *See* Fed. R. Civ. P. 25(d).

1

The purpose of a motion for reconsideration is "to correct manifest errors of law or fact or to present newly discovered evidence." *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). A motion for reconsideration under Federal Rule of Civil Procedure 59(e) must therefore rely on one of three grounds: (1) an intervening change in the law; (2) the availability of new evidence; or (3) the need to correct clear error of law or prevent manifest injustice. *N. River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995). A motion for reconsideration should be granted "sparingly," and "is not properly grounded in a request for a district court to rethink a decision it has already made, rightly or wrongly." *Williams v. Pittsburgh*, 32 F. Supp. 2d 236, 238 (W.D. Pa. 1998). Motions to reconsider should not be used to relitigate issues already resolved by the court, nor should they be used to advance additional arguments which could have been made by the movant before judgment. *Reich v. Compton*, 834 F. Supp. 753, 755 (E.D. Pa. 1993), *aff'd in part, rev'd in part*, 57 F.3d 270 (3d Cir. 1995).

Having fully considered Chi's motion, the undersigned finds neither clear error in the challenged ruling nor any basis for concluding that the Court's ruling will result in manifest injustice if not revisited. While Chi insists that his claims have been misstated, he fails to offer any legal analysis in support of his conclusion that the Court's "judicial misconduct" has "deprived [him] of habeas relief that he should've gotten pursuant to the United States Constitution." ECF No. 42 at 6. But as the government explained in its responsive brief (cited with approval by Chi), the §2241 claims in this case do not fall within the Third Circuit's narrow interpretation of the "savings clause" in 28 U.S.C. §2255(e). Consequently, the Court lacks subject matter jurisdiction over Chi's claims as asserted by him and (accurately) articulated by the government. In essence, reconsideration would require this Court to revisit claims already considered; however, requests for a "second bite of the apple" are not an appropriate basis for

relief on a motion for reconsideration. *See, e.g., Boone v. Daughtery*, No. 12-1333, 2013 WL 5836329, at *1 (W.D. Pa. Oct. 30, 2013) (citing *Bhatnagar v. Surrendra Overseas Ltd.*, 52 F.3d 1220, 1231 (3d Cir. 1995)). Because Chi has not articulated proper grounds for reconsideration of the Court's August 25, 2022 ruling, relief under Rule 59(e) is not warranted in this case. For these reasons,

IT IS ORDERED this 11th day of October, 2022, that Petitioner's "Rule 59( e) Motion for Reconsideration to Alter or Amend the Judgment," ECF No. [42], shall be, and hereby is, DENIED.

/s/ Susan Paradise Baxter

SUSAN PARADISE BAXTER
United States District Judge

cm:  Anson Chi
44588-177
McKean Federal Correctional Institution
Inmate Mail/Parcels
P.O. Box 8000
Bradford, PA 16701
(Via U.S Mail)

Jacqueline Brown, AUSA
The Honorable Richard A. Lanzillo
(via CM/ECF)